**UNITED STATES of America, Libelant-Appellee,**

v.

**Articles of drug in the following locations and consisting of: Detroit, 1454 Broadway—250 JARS and/or tins variously labeled in part: "CAL'S TUPELO BLOSSOM U.S. FANCY PURE HONEY" . . . Cal T. Albritton, Tallahassee, Fla. Net Wt. 1 Lb. . . . etc., and Detroit Vital Foods, Inc., Claimant-Appellant.**

**No. 15845.**

United States Court of Appeals Sixth Circuit.

April 22, 1965.

Solomon Friend, New York City, for appellant, Bass & Friend, New York City, on the brief.

Paul D. Borman, Detroit, Mich., for appellee, Herbert J. Miller, Asst. Atty. Gen., Washington, D. C., Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., on the brief, William W. Goodrich, Asst. Gen. Counsel for Food and Drugs, Joanne S. Sisk, Atty., U. S. Dept. of Health, Education and Welfare, Washington, D. C., of counsel.

Before EDWARDS, Circuit Judge, WEINMAN, District Judge, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

The United States brought a libel proceeding for the condemnation, under Section 304(a) of the Federal Food, Drug and Cosmetic Act, as amended, Title 21, U.S.C.A. § 334(a) of a quantity of allegedly misbranded honey, sold by claim-

ant-appellant at one of its stores located in Detroit, Michigan.

Upon stipulated facts, and after argument, the District Court entered an order of condemnation for misbranding of the honey, from which claimant appeals.

 It appears that the honey which was condemned was displayed on shelves in appellant's retail store, on top of which were placed copies of a booklet, "About Honey," which were sold to any customer desiring to purchase them. On the store premises, when the honey was seized, were seventy-one copies of a newspaper-type mailing piece, containing an article "Eat Honey and Increase Your Vitality." The booklet and the newspaper leaflet were shown to a drug inspector, acting as a prospective customer, in response to his request for information about honey. The information contained in the foregoing publicity material was also mailed to prospective customers in order to promote the sale of the honey.

Appellant contends that the booklet, "About Honey," by an independent author, which was on sale in the Book Department of its retail store, and the newspaper leaflets located in a back room of the store, did not constitute misbranding; and that the inferences from the evidence relied upon by the District Court were negated by uncontroverted facts.

Judge Freeman found that the booklet and the newspaper leaflet constituted labeling and misbranding of the honey, and that a reading of the booklets and mailing leaflets resulted in the inescapable conclusion that such honey was intended to be used as a drug, since the literature made the rather remarkable claim that honey is a panacea for various diseases and ailments that have plagued man from time immemorial. Furthermore, Judge Freeman held that the Act was passed to protect unwary customers in vital matters of health and, conse-

quently, must be given a liberal construction to effectuate this high purpose, and that the Court would not open a loophole through which those who prey upon the weakness, gullibility, and superstition of human nature can escape the consequences of their actions. Upon a review of the record and the briefs of the parties, we are in accord with the trial judge's reasoning and his conclusion.

It should here be observed that, since the determination of the District Court in this case, there has been decided by the Court of Appeals for the Second Circuit, a case involving the sale of food products in a store in which misleading books, relating to food, were also sold, and a judgment of condemnation by the District Court in that case, was reversed. However, that case differs from the one before us in that, although misleading books were sold in the same store that sold the product which was seized and condemned, there was no immediate connection of the misleading books with the sale of the product, and, as the court said, the books were not put to such use by the seller of the product. United States v. 24 Bottles "Sterling Vinegar & Honey, Etc.," 338 F.2d 157 (C.A.2).

 As we have said in prior cases, it is not the policy or practice of this court, in reviewing cases on appeal where a District Court has rendered a comprehensive opinion with which we find ourselves in full agreement, to rewrite such an opinion and, in a sense, deprive the trial court of the credit of its careful consideration of the issues and arguments, and complete determination of the cause. Patrol Valve Co. v. Robertshaw-Fulton Controls Co., 210 F.2d 146 (C.A.6).

In accordance with the foregoing, the judgment of the District Court is affirmed for the reasons set forth in the opinion of Judge Freeman, reported in United States v. 250 Jars, Etc. of U. S. Fancy Pure Honey, D.C., 218 F.Supp. 208.